Randy C. Eiland # 117287
Name and Prisoner/Booking Number

Saguaro Correctional Center
Place of Confinement

1250 E. Arica Rd.
Mailing Address

Eloy, AZ 85131-9622
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 27 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Randy Carl Eiland, Jason Smith, et.al.
(Full Name of Plaintiff)

Plaintiff,

v.

(1) JANE Prososki
(Full Name of Defendant)

(2) JANE Wallace

(3) Shawn Wead

(4) et. al.

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV25-01812-PHX-MTL--ESW
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
BY A PRISONER

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2. Institution/city where violation occurred: Saguaro Correctional Center, Eloy

Revised 12/1/23

1

550/555

## B. DEFENDANTS

1. Name of first Defendant: __JANE Doe Prososki__. The first Defendant is employed as: __Principal of programs 1__ (Position and Title) at __Saguaro Correctional Center__ (Institution).

2. Name of second Defendant: __Jane Doe Wallace__. The second Defendant is employed as: __Assistant Warden__ (Position and Title) at __Saguaro Correctional Center__ (Institution).

3. Name of third Defendant: __Shawn Wead__. The third Defendant is employed as: __Warden__ (Position and Title) at __Saguaro Correctional Center__ (Institution).

4. Name of fourth Defendant: __N/A__. The fourth Defendant is employed as: _____ (Position and Title) at _____ (Institution).

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☒ Yes   ☐ No

2. If yes, how many lawsuits have you filed? __4__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __See attached page__.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

### D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _1st and 14th Amendment of the United States Constitution._

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☒ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   I, Randy C. Eiland, (Plaintiff), am suing Saguaro Correctional Center's (SCC) Principal Ms. JANE Prososki, who works directly under the authority of Assistant Warden (A.W.) Ms. JANE Wallace, who works under the authority of Warden Mr. Shawn Wead (all named Defendants in their personal and professional capacity); for the deliberate indifference by knowingly and willingly refusing to allow Plaintiff and other Idaho inmates meaningful and/or reasonable access to the courts. Therefore violating Plaintiff's and other inmates Constitutional right under the 1st and 14th Amendment to the U.S. Constitution.

   See Attached pages for further supporting facts pgs. 1-5

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   See Attached pages 5-6

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Count I?   ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?   ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**COUNT II**

1. State the constitutional or other federal civil right that was violated: <u>1st and 14th, Amendment to the U.S. Constitution.</u>

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Plaintiff is suing Principal Ms. Prososki, under the authority of A.W. Ms. Wallace and Warden Mr. Wead; this is done by Defendants continued restrictions to the law library access (as described in Count I and further described in Count II below) in retaliation of the many civil lawsuits filed by Idaho Inmates housed at SCC. Said Defendants, after being informed by Inmates and an Idaho Federal Judge, of their obligation to provide some kind of assistance to file meaningful documents; SCC instead knowingly and willingly did the complete opposite and restricted access to the court, ultimately taking away any access to research, type and request assistance from other inmates, which prevented the filing of many meaningful documents. Therefore violating Plaintiff's and other Idaho Inmates Constitutional right under the 1st and 14th Amendment to the U.S. Constitution.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   See Attached Page 6

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## COUNT III

1. State the constitutional or other federal civil right that was violated: __N/A__

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   N/A

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   N/A

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

### E. REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff requests Nominal damage in the amount of $1,200.00 per day Plaintiff was held wrongfully in prison after Plaintiff's Motion for Illegal Sentence is granted, and his trial is vacated afterward.
Plaintiff requests Punitive damage in the amount of $2,000,000.00 from each Defendant for deliberately/intentionally violating Plaintiff's and other SCC residents constitutional rights of Access to the Courts.
See Attached Page 7.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22nd, 2025
DATE

_Sandy E Clark_
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

## C. PREVIOUS LAWSUITS

First prior lawsuit:
  Randy Eiland v. Tadd Mendez

Court and Case Number:
  District Court of Arizona 2:24-CV-00781-MTL
Result: Pending

Second prior lawsuit:
  Randy Eiland v. Dwayne Sigmen

Court and Case number:
  Ninth Cir. App. 24-3539
Result: Pending

Third prior lawsuit:
  Randy Eiland v. CoreCivic

Court and Case Number:
  Ninth Cir. App. 24-5153
Result: Pending

Fourth prior lawsuit:
  Randy Eiland v. Tadd Mendez

Court and case number:
  District Court of Arizona 2:25-CV-00953-MTL
Result: Pending

## Count I

3. <u>Further Supporting Facts:</u>

SCC is a privat prison that contracts the housing of inmates across the U.S.; Where SCC currently houses inmates from Idaho, Hawaii and Montana, and previously housed Kansas inmates in 2020 to about 2021. When Plaintiff first arrived at SCC in 2020 all inmates were allowed to use the SCC law library, 5 days a week from 8:00am-3:30pm.

A. <u>First Time Restricting Access to the Courts.</u>

In 2021, Principal, Ms. Prososki of the Education building, under the authority of Warden Mr. Wead, restricted SCC's law library access to 3 days a week from 8:00am-2:30pm (Tuesday, Thursday and Friday). Other inmates from Hawaii and Kansas (later Montana) were still allowed 5 days a week.

B. <u>Second Time Restricting Access to the Courts.</u>

Around ~~September~~ December 19, 2024, Principal, Ms. Prososki, on her own accord, orally informed all Idaho inmates that they would be allowed 3 hours a week in the SCC law library starting January 1, 2025. If Idaho Inmates show a deadline, then they would be allowed one extra day to work on their legal cases. Ms. Prososki claimed it followed ACA Standards, yet wouldn't cite any ACA policy, authority, etc. or authority given by administration. Plaintiff and Jason on 12/31/24, filed an IDOC Concern Form (Ref. # CCI-SG902995) to A.W. Ms. Wallace and Idaho Contract Monitor, Mr. Grill. Mr. Grill responded back, with an attached response from Ms. Wallace,

1983 - CIVIL RIGHTS Complaint                                    Extra page - 1

establishing the previous rule. Therefore making Ms. Prososki's oral implementation of the new rule void.

C. <u>Third Time Restricting Access to the Courts.</u>

On Febuary 6, 2025, Ms. Prososki posted a memo in the law library as read in full: "Effective Immediately, residents will only be scheduled for law library to work on their own cases. Residents will be scheduled according to assigned housing unit day." This only allows 6 and a half hours a week (for Idaho inmates and 3 hours for other inmates) to research, type, and get assistance or discuss legal topics with other helpful inmates (half an hour is for lunch). Jason filed an electronic concern form to Grill, where Mr. Grill said he didn't want to get involved. However, Mr. Grill agreed "Effective immediately" was improper as Ms. Prososki needed to give inmates at least a 30 day notice by memo, yet did not enforce the requirement.

Plaintiff and other inmates ~~have assisted~~ Jason Smith, Gilberto Roman-Lopez, and Joshua Finch all reside at SCC in Unit Lima on Charlie tier. Where Valentin Calvillo resides in Unit Lima on Bravo tier and Ethan Byrd and Billy Joslin reside in Hotel Unit. Plaintiff and Jason have assisted all named inmates individuals, but not limited to, as they are incapable of filing meaningful documents to the courts; Plaintiff and Jason have assisted inmates in writing petitions, briefs, Post-Convictions, Motions, etc. This is because SCC doesn't provide extra assistance to inmates, who can't utilize

1983-CIVIL RIGHTS COMPLAINT                            Extra Page - 2

the SCC law library well enough to have meaningful and reasonable Access to the Courts. Although Idaho provides a bilingual paralegal Ms. Gonzalez, at the SCC law library, she is only allowed to provide legal forms, make copies, notarize and send out legal mail. This is due to Ms. Prososki's direct command to Ms. Gonzalez to not assist inmates in how to utilize the law library or assist in understanding legal documents.

    D. <u>Fourth Time Restricting Access to the Courts.</u>

    On April 1, 2025, two new memos were posted at the SCC law library by Ms. Prososki's authority. One memo mentions the changes in policies of assigning USB's to individual inmates where now they can only be utilized for printing legal documents. Meaning that no legal documents can be saved for further editing if needed. Therefore any legal documents must be typed within the 3 hours inmates are given at the law library, otherwise those inmates have no way to save the legal document to further edit or expound on the document. Most inmates can't type fast enough to accomplish this feat, let alone to type up some complex legal filings, especially when filing pro se.

    The first memo really only applies to Hawaii and Montana inmates, as the second memo refers to Idaho inmates only. The second memo essentially prevents Idaho inmates from utilizing the SCC law library to type up legal documents, doing research, or from requesting assistance

1983 - CIVIL RIGHTS COMPLAINT            Extra Page - 3

from other inmates or discussing legal procedures with others who are more knowledgeable. (Especially when SCC provides no assistance to those who cannot utilize the law library). The only services that SCC provides to Idaho inmates are Notary Services, Legal Mailing, Legal Copies, Digital Attorney Legal Material, and typing services only for Self-Initiative Progress Reports or Commutation requests. This defies any logical, reasonable or meaningful requirement mandated by the U.S. Constitution. That SCC must provide meaningful and reasonable access to courts, for inmates to file meaningful documents to the courts.

    SCC has never had or mentioned a penological interest in restricting access to their law library. In fact SCC was given an Order, by an Idaho Federal Judge, that they were obligated to assist inmates in filing meaningful documents, SCC then did the opposite and restricted more access to their law library and restricted communication between inmates. Although SCC has now deterred, hindered and prevented Plaintiff and other Idaho inmates from filing meaningful documents to the courts, they still allow Hawaii and Montana access to the law library, to type and do research.

    If Proski's new rules stay in effect or her direct commands to Ms. Gonzalez is allowed, many inmates at SCC and Plaintiff will be denied access to courts right now and in the future. This will ultimately ~~cause~~ Cause

1983 - CIVIL RIGHTS COMPLAINT        Extra Page - 4

irreparable harm to some, if not all, of the said inmates (who have provided declarations), and Plaintiff and those yet to send declarations, or those who don't.

### 4. Injury:

Plaintiff and other inmates are being irreparably harmed right now. Plaintiff is injured by delaying his efforts to file a Motion for Illegal Sentence, followed by a Motion for New Trial, which would overturn my case; As my conviction is based off of an element of theft, when there was no evidence that anything was stolen or a plan to steal anything, which makes it an unlawful conviction. Because of SCC's escalating restrictions, I have been delayed for months to file these motions, which forces me to spend additional time in prison unconstitutionally. Because other inmates and I are untrained in the law, and don't know how to utilize the law library at SCC, along with SCC not providing assistance, we are denied meaningful access to courts. Further I and other inmates are being denied access to research case law, ask and get assistance from other inmates who could assist us as we are unable to succeeed on our own, to meet the requirement of "Meaningful" or "Reasonable" access to Courts. This is effecting many other inmates who cannot utilize the law library, or the lack there of right now. Further that I and other inmates are denied further access to courts, by SCC preventing inmates from asking other

1983 - CIVIL RIGHTS COMPLAINT                    Extra Page - 5

inmates for assistance who could help provide access to courts, along with the preventing of that assistance.

## Count II

4. <u>Injury</u>:

Retaliation happened as Plaintiff and inmates have pushed to keep our SCC law library access. Principal Ms. Prososki, A.W. Wallace and Warden Mr. Wead has continually restricted the SCC law library even more to the point of essentially no law library. Plaintiff and Jason Smith have been constantly threatened with DORs for helping other inmates, have had legal documents deleted off their USBs (especially those that they had authored for other inmates) SCC has at times refused to send out our legal mail (which has caused missed deadlines), and Plaintiff's cell has been searched by unit staff members every other week (for harassment). This is due to Plaintiff and Jason's refusal to stop assisting other inmates fighting their criminal and civil rights cases. This violates Plaintiff and Jason's 1st amendment right to assist other inmates when they request assistance, when those inmates can't request aid from SCC or anyone else; Which therefore violates those inmates 14th Amendment right of due process by preventing them from filing meaningful documents.

## E. Request for Relief

Plaintiff requests Actual damage in the amount of $5,000.00 from each Defendant to compensate Plaintiff for out-of-pocket expenses (legal photo copies, postage and reasonable attorney fees (for inmates who stepped up to assist inmates in legal work, including this 1983, to fulfill SCC's negligence) and any other relief to be determined by this court and/or by jury trial.

That SCC reestablish their law library and the previous rules that were in place, before the many restrictions placed on all inmates residing at SCC. That SCC is given a more descriptive meaning of what their obligation is, in assisting inmates to file meaningful documents to the courts. Because of their failure to understand the last order given by the Idaho Federal District Judge. Even if it means to train and hire inmates to assist other inmates.

Plaintiff also requests a jury trial.